UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIORLIANA CORTIJO,

    Petitioner,

v.

                      CASE NO. 6:10-cv-611-Orl-28GJK
                      (6:07-cr-107-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Giorliana Cortijo (Doc. No. 1).[1] The Government filed a response to the motion (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8). For the following reasons, the Court concludes that the motion was untimely filed and must be dismissed.

*I.    Procedural History*

Petitioner and others were charged in a five count indictment with committing various crimes. (Criminal Case No. 6:07-cr-107-Orl-28GJK, Doc. No. 200).[2] Petitioner was charged with conspiracy to possess with intent to distribute five or more grams of a

---

[1] On her § 2255 motion, Petitioner spelled her first name as "Giorlana". However, her first name is spelled "Giorliana" throughout the criminal case, including on the Judgment. As such, the instant Order will utilize the spelling of her name as it is found in the criminal case.

[2] Hereinafter Criminal Case No. 6:07-cr-107-Orl-28GJK will be referred to as "Criminal Case."

mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and conspiracy to conduct financial transactions involving unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (count two). Pursuant to a plea agreement, Petitioner entered a plea of guilty to count one before United States Magistrate Judge Donald P. Dietrich. *Id.* at Doc. No. 438. Magistrate Judge Dietrich entered a Report and Recommendation, recommending that the plea be accepted and Petitioner be adjudicated guilty. *Id.* at Doc. No. 458. The Court adopted Magistrate Judge Dietrich's Report and Recommendation and adjudicated Petitioner guilty of count one. *Id.* at Doc. No. 1061. The Court sentenced Petitioner to a 145-month term of imprisonment to be followed by five-years of supervised release.[3] *Id.* at Doc. No. 1386. The Judgment was entered on April 24, 2008. *Id.* at Doc. No. 1061. Petitioner did not appeal.

## II. *Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3] Count two of the indictment was dismissed in accordance with the plea agreement. *See* Criminal Case Doc. No. 1061.

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of § 2255.

Under the time limitation set forth in § 2255(1), Petitioner had one year from when her conviction became final to file a § 2255 motion. Petitioner's Judgment of Conviction was entered on April 24, 2008, and she did not file a direct appeal. Therefore, her conviction became final on May 8, 2008, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Thus, Petitioner had through May 8, 2009, to file her § 2255 motion. However, the instant proceeding was not filed until April 13, 2010, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Because the one-year period of limitation ran on May 8, 2009, Petitioner's motion was not timely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse her failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

3

1.  The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Giorliana Cortijo is **DENIED**, and this case is **DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:07-cr-107-Orl-28GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 1374) pending in that case.

4.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 19 day of August, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 8/16

---

[4] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

Giorliana Cortijo
Counsel of Record